UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FERRO CORPORATION,** | ) | **CASE NO. 1:06CV1955** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **CONTINENTAL CASUALTY CO.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion to Remand (ECF DKT #8) filed by Plaintiff, Ferro Corporation ("Ferro"). For the reasons that follow, the motion is denied.

**I. BACKGROUND**

On July 10, 2006, Ferro filed an action in the Cuyahoga County Court of Common Pleas for declaratory judgment, breach of contract and bad faith against each of the Defendants, Continental Casualty Company; the Continental Insurance Company; Fidelity & Casualty Company of New York; and Transportation Insurance Company ("Continental"). Continental removed the matter, on August 15, 2006, to the United States District Court for the Northern District of Ohio based on diversity jurisdiction. However, Continental failed to

file the required corporate disclosure statements until two days later, i.e., August 17, 2006. Ferro argues that this was an ineffective removal and that remand is mandated.

## II. LAW AND ANALYSIS

A defendant may remove any civil action commenced in state court if it might have been brought originally in federal court. 28 U.S.C. § 1441. A case is removable under 28 U.S.C. § 1446(b) "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." In order to remove a case, a defendant must: file in the federal court for the district and division in which the state action is pending a notice of removal, signed pursuant to Rule 11, with a "short and plain statement" of the grounds for removal, containing a representation that all defendants consent to the removal, giving written notice to all adverse parties, along with all papers from the state action. 28 U.S.C. §1446(a) and (d).

Federal Rule of Civil Procedure 7.1 requires that upon a party's first appearance, it must file a corporate disclosure statement. The Advisory Committee Notes reveal the purpose behind the rule is to reflect the "financial interest" standard of the Code of Conduct for United States Judges. Likewise, Rule 3.13 of the Local Civil Rules for the Northern District of Ohio requires a party, upon its first appearance in a matter, to file a corporate disclosure statement providing detailed information identifying corporate relationships.

By filing its Motion to Remand, Ferro is asking this Court to expand the prerequisites of the removal statute to include the disclosure requirements in the local and civil rules. These rules serve an important purpose and assist in informing the District Judge assigned to

a case in determining whether he or she may be disqualified because of "financial interest." However, Ferro cites no law or statute making these disclosure rules an integral and indispensable part of the removal process. Civil Rule 7.1 and Local Rule 3.13 are procedural provisions, which do not modify nor enlarge substantive rights or federal jurisdiction.

### III. CONCLUSION

For the above reasons, the Court finds the prerequisites of the removal statute, 28 U.S.C. § 1441, *et seq*. have been met; the filing requirements in the Federal Civil Rules and Local Rules have been satisfied; and therefore, the Motion of Plaintiff, Ferro Corporation, to Remand is denied.

**IT IS SO ORDERED.**

**DATE: January 10, 2007**

> **s/Christopher A. Boyko**
> **CHRISTOPHER A. BOYKO**
> **United States District Judge**